IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN CORNISH                 *

Petitioner                       *

v                                *         Civil Action No. RDB-20-514

WARDEN                           *

Respondent                       *
                               ***

## MEMORANDUM OPINION

The United States, by its counsel and on behalf of Respondent, the Warden of the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"),[1] filed a Motion to Dismiss self-represented petitioner Jonathan Cornish's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 9. Cornish opposes the Motion. ECF No. 12. For reasons stated below, this Court will dismiss the § 2241 petition without prejudice for lack of jurisdiction.

## BACKGROUND

Cornish is a federal prisoner at FCI Butner.[2] In 2007, Cornish, who was then a juvenile, murdered a witness set to testify against a defendant in a murder trial. *See United States v. Cornish*, Crim. No. RDB-07-0604 (D. Md. 2007) at ECF No. 33. Cornish pleaded guilty as a juvenile to firing a firearm in relation to a crime of violence and, in 2009, was sentenced to 40 years of imprisonment. *Id.* His guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules

---

[1] The proper respondent in an action for habeas corpus is the Petitioner's custodian. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004); *see also* Rule 2(a), Rules Governing Section § 2254 Cases in the United States, 28 U.S.C. fol. § 2254.

[2] *See* https://www.bop.gov/inmateloc (visited December 7, 2020).

Criminal Procedure with an agreed sentence of 40 years. He testified as a cooperating witness for the Government in the case of *United States v. Byers,* Crim. No. RDB-08-0056 (D. Md. 2008) and acknowledged that he murdered Carl Lackl who was scheduled to testify in another criminal trial.

Cornish filed a Motion to Vacate, Set-Aside or Correct Sentence, which this Court dismissed as untimely on October 27, 1014. *Id.*, ECF Nos. 21, 43. In 2016, the United States Court of Appeals for the Fourth Circuit denied his request to file a second or successive § 2255 motion. *Id.* ECF No. 56.

On February 21, 2020, Cornish filed this Petition for a Writ of Habeas Corpus referencing the length of his sentence, labeling it illegal, and seeking his release. Petition, ECF No. 1.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction challenges a court's authority to exercise its jurisdiction over the moving party. *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989). The jurisdictional question is "one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Id.; Sigala v. ABR of VA, Inc.*, 145 F. Supp. 3d 486, 489 (D. Md. 2014). While a court may hold an evidentiary hearing or permit discovery as to the jurisdictional issue, it also may resolve the issue on the basis of the complaint, motion papers, affidavits, and other supporting legal memoranda. *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 276 (4th Cir. 2009); *see also Sigala,* 145 F.Supp.3d at 489. If a court does not hold an evidentiary hearing or permit discovery, a plaintiff need only make "a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Consulting Eng'rs Corp.,* 561 F.3d at 276. When considering whether the plaintiff has made the requisite showing, "the

court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

## DISCUSSION

Respondent argues that the Petition should be dismissed without prejudice because it is filed in the wrong judicial district, or alternatively, that by challenging the length Cornish's sentence, it seeks relief properly sought by way of a Motion to Vacate, Set-Aside or Correct sentence and may not be considered under § 2241 unless Cornish has obtained prefiling authorization to file a second or successive § 2255 Motion.

A § 2241 petition is properly filed in the district where a petitioner is confined. *See* 28 U.S.C. § 2241(a) *United States v. Poole*, 531 F.3d 263, 264, 273 (4th Cir. 2008) (citing *Rumsfield v. Padilla*, 542 U.S. 426, 447 (2004)). Cornish is in the custody of the Warden, FCI Butner, North Carolina, a correctional facility located in the Eastern District of North Carolina. Accordingly, to the extent Cornish's pleading is properly construed as a 2241 petition, this Court lacks jurisdiction to consider it on the merits, requiring its dismissal without prejudice for lack of jurisdiction.[3]

Further, a § 2241 petition is appropriate where the claims raised attack the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a); *In re Jones*, 226 F. 3d 328, 332 (4th. Cir. 2000). Generally, a § 2255 Motion to Vacate, Set Aside or Correct Sentence challenges the validity of the underlying conviction or sentence. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Here, Cornish is attempting to challenge his criminal sentence and reassert claims in his dismissed first § 2255 Petition. ECF Nos. 1, 12. Cornish does not assert, much less demonstrate, that the remedy under 28 U.S.C. § 2255 is "inadequate or ineffective to test the validity of his detention," which is required in order to challenge the validity of his sentence in a 2241 Petition using the "Savings

---

[3] Having determined the Petition must be dismissed without prejudice for lack of jurisdiction, the Court need not reach Respondent's alternative argument under Fed. R. Civ. P. 12(b)(6).

Clause" exception. *See* 28 U.S.C. §2255(e); *see also United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (outlining criteria to proceed under the "Savings Clause"). Challenges to a sentence are properly brought pursuant to § 2255, and this Court may not consider a second § 2255 motion unless Cornish first obtains prefiling authorization from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Consequently, this Court also lacks jurisdiction to consider this matter if it is construed as a § 2255 motion.

## CONCLUSION

For the aforementioned reasons, this Court will grant the Motion to Dismiss. The Petition will be dismissed without prejudice for lack of jurisdiction. A separate Order follows.

December 10, 2020

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE